IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-23,062-02






EX PARTE DAVID EUGENE FIELDS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR04-024 IN THE FOURTH DISTRICT COURT


FROM RUSK COUNTY




 

 Per curiam.O R D E R


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to twenty years' imprisonment. The Sixth Court of Appeals
affirmed his conviction. Fields v. State, No. 06-04-00074-CR (Tex. App.-Texarkana, delivered
January 6, 2005, no pet.). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify applicant that his conviction had been affirmed and failed to advise him of his
right to petition for discretionary review pro se.

 On April 5, 2006, we remanded the application and instructed the trial court to make findings
as to applicant's claim. After holding a live evidentiary hearing and finding that appellate counsel
had not timely notified applicant of his right to file a petition for discretionary review pro se, the trial
court recommended granting relief. However, there is no indication from the trial court's findings
whether appellate counsel testified at the live hearing or submitted an affidavit. We believe that
appellate counsel should respond to applicant's claim, and the trial court shall order him to do so by
affidavit or live testimony.

 If the trial court elects to hold a new hearing, it shall determine whether applicant is indigent.
If applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether applicant's appellate counsel
timely informed applicant that his conviction had been affirmed and that he had a right to file a pro
se petition for discretionary review. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.



Filed: September 13, 2006

Do not publish